UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene Rock,

    Plaintiff,

v.        Civil No. 13-3216 (JNE/LIB)
        ORDER

Marauder Corporation,

    Defendant.

Claiming that Marauder Corporation had violated the Fair Debt Collection Practices Act by failing to disclose his dispute of a debt, *see* 15 U.S.C. § 1692e(8) (2012), Eugene Rock brought this action against Marauder in November 2013. Later, he filed an amended complaint, which added a claim that Marauder had violated the Act by contacting him to collect the debt notwithstanding its knowledge of his representation by counsel. *See id.* § 1692c(a). The case is before the Court on Rock's motion for default judgment. For the reasons set forth below, the Court awards Rock $3,460.60.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed. 1998)). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010).

1

*Section 1692e(8)*

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The following conduct violates § 1692e: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Id.* § 1692e(8).  Under § 1692e(8), a debt collector does not have an affirmative duty to disclose that a disputed debt is disputed:

> Both claims are premised on Wilhelm's assertion that § 1692e(8) imposed an affirmative duty on Credico and Pinnacle to disclose that he had disputed the debt.  He cites no case supporting this contention, and we reject it.  Section 1692e generally prohibits "false, deceptive, or misleading representation."  Subsection 1692e(8) applies to the "communicating" of "credit information."  "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  § 1692a(2).  Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which Wilhelm relies— "including the failure to communicate that a disputed debt is disputed"—is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt.  This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:
>
> 1. Disputed debt.  If a debt collector knows that a debt is disputed by the consumer . . . *and reports it to a credit bureau,* he must report it as disputed.
>
> 2. Post-report dispute.  *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (alteration in original).

2

According to the amended complaint, Marauder reported a debt to a credit reporting agency. Rock disputed the debt through the credit reporting agency. In turn, the credit reporting agency reported Rock's dispute of the debt to Marauder. Marauder responded to the credit reporting agency by verifying the debt without changing its reporting of the debt. Marauder's response did not note that Rock had disputed the debt.

At least two cases in this District have rejected claims similar to the one made by Rock. *See Surinta v. Credit Control Servs., Inc.*, Civil No. 13-817, 2014 WL 538675, at *2-3 (D. Minn. Feb. 11, 2014); *McIvor v. Credit Control Servs., Inc.*, Civil No. 13-956, 2013 WL 6596825, at *2 (D. Minn. Dec. 17, 2013), *appeal docketed*, No. 14-1164 (8th Cir. Jan. 23, 2014). At the motion hearing, Rock acknowledged *Surinta* and *McIvor*, noted that an appeal is pending in *McIvor*, characterized his claim for violation of § 1692e(8) as duplicative of his claim for violation of § 1692c(a) because the claims seek the same relief, and indicated that the Court need not resolve his § 1692e(8) claim. At the motion hearing, the Court concluded that Rock had voluntarily dismissed his § 1692e(8) claim.

*Section 1692c(a)*

Subject to certain exceptions, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a). According to the amended complaint, Marauder left a voicemail for Rock in an attempt to collect the debt after he had commenced this action, served the complaint on Marauder,

served a motion for default judgment on Marauder, and sent a letter to Marauder about a potential settlement.  The Court concludes that Marauder violated § 1692c(a).

*Damages, costs, and fees*

A debt collector that violates the Fair Debt Collection Practices Act may be liable for "any actual damage sustained" as a result of the violation; "such additional damages as the court may allow, but not exceeding $1,000"; "the costs of the action"; and "a reasonable attorney's fee as determined by the court."  *Id.* § 1692k(a).  Rock sought $1,000 in statutory damages, $460.60 in costs, and $4,560 in attorney fees.

"In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ."  *Id.* § 1692k(b)(1).  Here, the record reveals that Marauder left a voicemail for Rock after it had received numerous indications that Rock was represented by counsel with respect to the debt.  The Court awards $1,000 to Rock in statutory damages.

Rock sought $460.60 in costs for the filing fee and fees related to service of process.  The Court awards $460.60 in costs to Rock.

Finally, Rock requested $4,560 in attorney fees.  An invoice reveals that his attorney spent 22.8 hours on the matter and that the attorney charged $200 per hour.[1]

---

[1]   According to the affidavit of Rock's attorney, "[c]ounsel for Plaintiff bills reasonable hourly rates of $125 for paralegals and law clerks and $300 for associates."  No entry at either $125 per hour or $300 per hour appears on the invoice.  Except for the costs of filing and service, each entry is attributed to the attorney at $200 per hour.

4

The hourly rate is reasonable, but the number of hours is not.  Briefly, the invoice included time spent drafting the complaint, seeking the entry of Marauder's default, and moving for default judgment when his sole claim was the one for violation of § 1692e(8).  Rock withdrew the motion for default judgment when he filed the amended complaint.  The invoice also included time spent drafting the amended complaint, seeking the entry of Marauder's default, and moving for default judgment on the amended complaint.  More than half of the hours claimed were devoted to the litigation while Rock's sole claim was the one for violation of § 1692e(8).  Although the remaining hours, for the most part, were reasonably devoted to the litigation, requests for time devoted to tasks such as "draft letter to client requesting new telephone number" and "consult with credit analyst to find new client contact information" are not reasonable.  The Court reduces the number of hours by approximately 50% and awards Rock $2,000 in reasonable attorney fees.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Rock's motion for default judgment [Docket No. 22] is GRANTED.

2. Judgment in the amount of $3,460.60 is awarded in favor of Rock and against Marauder.  The amount comprises $1,000 in statutory damages, $460.60 in costs, and $2,000 in attorney fees.

LET JUDGMENT BE ENTERED ACCORDINGLY.

6

Dated: July 10, 2014

                                                s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge